IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                       CIV 02-317 BB/KBM
                                                       CR 00-1475 BB

CUAHUTEMOC ANTILLON-PEREZ,

    Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    Defendant Cuahutemoc Antillon-Perez ("Perez") is a Mexican citizen. He was arrested for attempting to enter the United States illegally after having been deported from the United States on two prior occasions. Among other things, Perez' criminal record includes aliases, prior felony arrests, a conviction for theft of a baseball cap as a teenager, and a felony conviction in Arizona for criminal damage and theft. He pleaded guilty to the indictment that charged him with reentry after prior deportation.

    This matter is now before the Court on Perez's Motion to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody pursuant to 28 U.S.C. § 2255. *Doc. 1* (mistakenly captioned as motion under "28 U.S.C. § 2288"). He is counseled and raises two related ineffective assistance of counsel claims: by only raising certain issues orally, appointed counsel failed to secure (1) the deletion of one point from his criminal history tally and (2) a downward departure.

    Having considered the arguments, pleadings, and relevant law, and for the reasons set

forth in the United States' response save one,[1] I find the motion is not well-taken and recommend that it be denied. I will not reiterate in detail what the United States presents and instead will

---

[1] The United States acknowledges the long-standing position of the Tenth Circuit that ineffective assistance of counsel claims should be raised in a § 2255 proceeding rather than on direct appeal.

> We reaffirm and reemphasize the central principle laid down in *Beaulieu v. United States,* 930 F.2d 805, 806-07 (10th Cir. 1991). Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.

*United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995). Regardless, the United States contends that even though Perez' claims are cast in terms of ineffectiveness, the underlying basis is whether there are grounds for a downward departure, and that claim should have been raised on direct review. *See Doc.* 6, at 6.

I am not convinced the Tenth Circuit would adopt that position in light of continued adherence to the *Galloway* view in § 2255 cases. Furthermore, in a very recent unpublished decision, the Tenth Circuit rejected a virtually identical argument made by the United States in case from this district. I quote the entire relevant portion of the opinion rather than attach a copy. *United States v. Chee,*___ F.3d ___, 2002 WL 532422 (10th Cir. 4/10/02) (in CIV 00-621 the "government argues that Chee has procedurally defaulted his ineffective assistance of counsel claim – based on trial counsel's failure to request a voluntary intoxication jury instruction – because he did not raise the underlying claim that the jury instructions were inadequate on direct appeal. Nonetheless, a procedural bar does not apply to habeas claims of ineffective assistance of counsel brought by prisoners in federal custody. [*Galloway,* 56 F.3d at 1241]. Therefore this claim is properly before us."); *see also United States v. Trevizo Miramontes,* 20 Fed.Appx. 823 (10th Cir. 2001) (on direct appeal where counsel filed *Anders* brief, the defendant wanted to argue "whether he should have been granted a downward departure based on his long residence in this country and the minor nature of his prior felonies; and . . . whether counsel was ineffective;" decision held these issues frivolous because "[w]e lack jurisdiction to review the district court's failure to depart downward in sentencing absent a claim that the court misunderstood its authority to depart. . . . Finally, defendant's claims of ineffective assistance of counsel should be brought in a collateral proceeding rather than on direct appeal. [*Galloway*.]"); *United States v. Eaton,* 20 Fed.Appx. 763 (10th Cir. 2001) ("When a petitioner 'fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding . . . a claim [re: indictment failing to show jurisdiction or charge an offense] . . . may be raised for the first time in a § 2255 proceeding. . . . Additionally, it is well established that claims of ineffective assistance of counsel are properly raised in a § 2255 proceeding. [*Galloway.*]").

2

confine my remarks to set forth my reasoning. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that movant is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

Defendant first claims appointed counsel should have timely objected to paragraph 20 of the presentence report ("PSR") because he is not the "Manuel Andres Perez" who was convicted in Arizona of criminal damage and theft. The United States notes that the one point assessed in paragraph 20 may have been erroneous, and assumes for the purposes of argument that it should not have been assessed.[2]

The Guidelines sentencing table assigns the criminal history category of "III" to anyone who tallies four, five, or six criminal history points. As both the United States and Defendant note, if counsel had successfully objected to paragraph 20, Defendant would have had only four criminal history points instead of five. Defendant therefore argues that although his criminal history category remains a III, he would have fallen into it merely by one point. Since I will also assume the paragraph 20 one-point assessment is erroneous, this brings me to Defendant's second and related claim, the only claim one at issue,

Before sentencing, Senior Circuit Judge Bobby R. Baldock conducted a hearing on the written objections to the PSR that appointed counsel did make. During this hearing, counsel

---

[2] The United States is attempting to verify information that will determine whether the one point should have been given. I am sure that the United States will take whatever action is appropriate following its investigation. The result of the investigation, however, has no bearing my analysis of the § 2255 petition.

orally raised the paragraph 20 objection and made a motion for a downward departure. *See Doc. 6,* Exh. 1 at 7-11, 16-18. Judge Baldock did not consider the oral objection and motion since they were not timely raised. *Id.* at 19-20. With an offense level of 21 and a criminal history category of III, Defendant's guideline range was 46 to 57 months. Judge Baldock sentenced Perez to the low end, 46 months.

In his second claim, Defendant asserts that appointed counsel was ineffective in failing to timely move for a downward departure and that there were three grounds for departure. He first argues that paragraph 19 of the PSR "overstates" his criminal history because it is the paragraph containing the theft of a baseball cap when Defendant was a teenager. His theory is that being in category III with only four criminal history points and the paragraph 19 criminal history point representing a minor event, the court could have reduced his criminal history category to "II." If he had been assessed an offense level of 21 but a criminal history of II, and if Judge Baldock would have given him the low end of the range, then Defendant argues his sentence would have been five months shorter.

Next, Perez argues there were grounds for departure because he had substantial ties with the United States. That is, he was working here and supporting his family. Finally, Perez maintains his plea resulted in "substantial savings" to the United States. *See Doc. 1* at 7; *Doc 6,* Exh. 1 at 16-18. He contends that had the departure been made on these grounds, his sentence could have been reduced by nine months or more.

In addition to the reasons and authorities cited by the United States in its response, I agree that Defendant cannot show counsel's conduct was deficient or prejudicial under *Strickland v. Washington,* 466 U.S. 668 (1984). There is no basis for concluding that Judge Baldock was

4

unaware of his ability to depart. Likewise, nothing in the transcript indicates that he deemed the grounds for departure meritorious and would have been inclined to grant a departure had the motion been timely made. None of the three grounds he argued – age at commission of the offense, employment and support of a family, nor entry of the plea[3] – are sufficient individually or in combination to warrant a departure because they do not present the extraordinary or unusual situations necessary to qualify for a departure.[4] Furthermore, the Tenth Circuit holds that in considering downward departures under Guideline § 4A1.3 based on criminal history "in addition to the seriousness of a defendant's criminal history *recidivism* should be considered." *United States v. Maldonado-Campos,* 920 F.2d 714, 720 (10th Cir. 1990) (emphasis added). Here, Perez had been deported two times prior to the present charge.

I therefore conclude that even if the departure motion had been timely raised, the effort would have been futile because there was no basis for it and no probability that Judge Baldock would have granted the motion. As such, counsel's conduct cannot be characterized as deficient. More importantly, Perez cannot establish prejudice, which alone is grounds to deny the claim of ineffectiveness.[5]

---

[3] The plea occurred only after negotiations, indictment, and the United States' preparation for trial.

[4] *E.g., United States v. Bowser,* 941 F.2d 1019, 1024 (10th Cir. 1991) (age at time of commission without more insufficient); *United States v. Navarro,* 2000 WL 1853983 (10th Cir. 2000) (and cases cited therein) (appeal from CIV 99-713 where Defendant argued counsel should have made a downward departure based on steady employment history and family ties and responsibilities; decision finds circumstances were not exceptional and therefore he failed to show prejudice).

[5] A decision from a district court in this circuit is similar. There a defendant with three prior deportations and one prior aggravated felony was convicted of illegal reentry and sentenced to low end of applicable guideline range to 77 months imprisonment. In § 2255 proceedings he

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

                                                                   _____
                                                                   UNITED STATES MAGISTRATE JUDGE

---

argued that counsel was ineffective for failing to argue for downward departure based on defendant's willingness to be deported.  On the prejudice prong, court found "no showing or a reasonable probability the sentencing outcome would have been different" had the motion been made because "Defendant's plea bargain, his prior extensive criminal record in this country, his prior convictions for the same offense, and prior deportations, make it very unlikely that any downward departure would have been granted.  *Ramirez-Espinoza v. United States,* 59 F. Supp. 2d 1189, 1193 (D. Utah 1999), *appeal denied,* 208 F.3d 228 (10th Cir. 2000) (unpublished).

     Recent unpublished decisions also illustrate this point.  *E.g., United States v. Valdez-Gomez,* 15 Fed.Appx.763, 765 (10th Cir. 2001) (defendant pleaded guilty to illegal reentry and claimed counsel was ineffective in failing to move for downward departure based on this status as deportable and willingness to be deported; decision found no prejudice and did not reach the deficiency question stating "[a]ssuming it was with in the sentencing court's discretion to depart downward . . . we can not conclude there was 'a reasonable probability that . . . the result of the proceeding would have been different' [or that] the district court's sentencing determination [was unfair or unreliable]"); *United States v. Reyes,* 200 F.3d 228, 2000 WL 231829 (10th Cir. 2000) (since "reduction of a defendant's criminal history category under § 4A1.3 is irrelevant to his eligibility for the safety valve provision [his] sentence would thus not have been affected by an additional downward departure under the Guidelines, and a motion for such relief would have been futile.  The failure of [Defendant's] attorney to move for such a downward departure was neither objectively unreasonable nor prejudicial to [Defendant's] case").

6